Here ye, here ye, this Honorable Appellate Court for the Second Judicial Dismissal is now back in session. The Honorable Anne B. Jorgensen is presiding. Oh, please be seated. Your Honor, the second case on the docket this morning is 2-23-0067, the people of the State of Illinois, Senate Appellee, the Crystal L. Hoffman, Defendant, Appellant. Arguing on behalf of the Appellant, Ms. Anne Betz. Arguing on behalf of the Appellee, Ms. Victoria E. Joseph. Good morning, ladies. Are you both ready to proceed? It occurred to me that on the prior argument I did not announce and I will do it now. There's always a third judge. Justice Burkett is assigned to this panel. He had a conflict that just arose this morning. He was unable to be here. As you both have been here many times, you know, these are recorded. Justice Burkett will review the oral argument here this morning. We will then continue our deliberations and a disposition in due course. So he is your third panel member but unable to be here this morning. With that said, counsel, whenever you're ready. Good morning, Your Honors. Excuse me. My name is Anne Fick. I'm from the Office of the State Appellate Defender and I represent Crystal Hoffman. May it please the Court. This case presents two issues. The first is whether a new sentencing provision of the Safety Act gave the Court the discretion to sentence Crystal to probation rather than the mandatory minimum prison sentence of six years that it imposed. The second issue is whether the trial court complied with the restitution statute where it failed to set forth a manner and method of repayment. Now, as to the second argument, Crystal is not contesting that she has to pay restitution, nor is she contesting the amount. She's just requesting that this case be remanded so a trial court can set forth a reasonable payment plan as required by the statute. But isn't 11 days substantial compliance? I'm sorry, what was that? Wouldn't 11 days over the six months be substantial compliance with the statute? The statute requires that there be a monthly payment set forth if the time is more than six months. And in this case, there was more than $4,000 required to pay within that six months. So I put it was six months and 11 days. Isn't that just substantial compliance with the statute? I don't agree that it is, Your Honor. Why not? Because the statute requires six months, and the amount paid is necessary. If only we would follow the exact laws on everything. Substantial compliance, though, is really applied across the board to a lot of requirements in statutes. Well, Your Honors, also, Crystal was sentenced to six years' imprisonment. So that period that she was required to pay included her imprisonment, which the statute does not allow. So she should be required to pay that over a period of time following that. Okay. Thank you. If Your Honors don't have any other questions as to that issue, I'm going to move on to the primary issue in this case. Contrary to the trial court's findings, the trial court here did have the discretion to sentence Crystal to probation. The new sentencing provision allows a trial court to downwardly deviate from the mandatory minimum prison sentence if the offense involved the use or possession of drugs, if the defendant does not pose a risk to public safety, and if the interest of justice requires a downward deviation. Here, the trial court explicitly found this case did involve the use or possession of drugs. Crystal was not a risk to public safety. And as to the third requirement, the judge said, certainly, if the court had broad discretion in imposing a sentence, it may very well be that a term of probation would be appropriate under the very specific facts of this case. The statute is unambiguous. The trial court did have the discretion. The language is clear, and it allows this court to ascertain the legislative intent without having to resort to other statutory construction aides. However, if this court does find that the statute is ambiguous, the legislative history clearly demonstrates probation is an available disposition. According to the history, the goal of this statute was to return the discretion to the sentencing judges and reduce the harmful impact of mandatory minimum prison sentences. Here, legislators explicitly found, Senator Sims stated, quote, the intent is to treat the judiciary as they are a co-equal branch of government. He also said the intent of this legislation is to empower the judiciary to act appropriately, and that this was an effort to reform the criminal justice system to tear down the problems that we have because of the mandatory minimum sentencing. Representative Harper said that the bill allows judges to give smart sentences to those convicted of a crime who don't pose a threat to public safety. It just allows judges, she said, to sentence an offender to a sentence less than the statutory minimum when it makes sense. And here, it makes sense. Crystal has no criminal history. She has a history of steady employment. She was described as being easily influenced and naive, but she took full responsibility for her role in this tragedy. Without any order to do so, she's seeking to improve herself, therapy, and by all accounts, she was a good, kind-hearted person who made a terrible decision. Now, the lawmakers did not overlook that this statute could apply to a range of drug-related offenses. And in fact, one of them noted that specifically not included or not excluded from the purview of the statute was drug-induced homicide. And that was not addressed other than to say that it simply is up to the judges. Who said that? Do you recollect? I mean, this is not a test. Representative Bryant said that. He specifically listed offenses that were not included and mentioned drug-induced homicide as one of them. Representative Harper then answered, it's possession and use, noting that that language was removed, removed objections from the state's attorneys. And then another representative, Batnick, asked if there was still a mandatory minimum prison sentence after a certain amount of drugs was possessed. And Representative Harper said, that is up to the judges, reaffirming the intent to expand judicial discretion here. But they specifically did exclude the word delivery. They did not include that, but delivery, possession is part of delivery. But it's another piece. If you can possess a controlled substance without delivering it. Correct. But this language here uses the term involves, and it's broad, and it's meant to be broad in order to allow judges' discretion to apply it to the very many facts of different cases. So your position is, because it's involving possession. The use or possession. Anything that flows from possession. Yes. As long as the other requirements are met. The other requirements are not really at issue here. What's at issue is what does involving use and possession mean? It means that the offense could be one such as drug-induced homicide, where it involves the use and possession necessarily of a drug. Why didn't they just, if that's your argument for intent, just add the additional word involving use, possession, or delivery? First of all, as to the statutory, the legislative history, there is not much guidance on how they chose those particular words. But nonetheless, whenever they chose, we're stuck with it. Correct. But under the tenets of statutory construction, we're not to read into it exceptions, limitations, or additions. Additions. And that's what would happen. How do I get around, with your argument, it's an addition. Possession is possession. I would be adding the concept of delivery. Correct? That is not our position. I get that. Delivery is part of the possession. You have to possess in order to deliver, so it would be redundant to include delivery. So your position is possession is delivery. Possession is required for delivery. Yes. And therefore, it would apply. But there's no additional requirement to separate possession from delivery. There's no additional requirement to separate it. Right. I'm sorry. If I possess, I'm guilty of delivery? Correct. One does not necessarily include the other, but the other part of the statute is that it requires a mandatory minimum prison sentence. Simple use and possession does not require a mandatory minimum prison sentence. And that's why they used those terms. This statute would not be able to apply if it was simple use and possession. I disagree. There are possessions, charges of possession, a large enough amount that would be a minimum mandatory sentence. This was likely used to address a lot of different factors. It does not specifically include only, you know, five grams of fentanyl when it is sentenced as a class act. Use and possession does include delivery because possession is part of delivery. Let me ask you, the legislative history isn't something we rush to every time we look at a statute. Correct. The analysis, in my, you know, opinion, goes this way. This is what I think the law is. We read the statute as it's written and apply its plain, ordinary, and popular meaning. We look at the statute as a whole, as part of a whole. And if we find it's ambiguous, if we find it's ambiguous, we make that determination. There's more than one reasonable construction as to its meaning. Then we can use canons of statutory construction and interpretive tools like legislative history. So to me, the first step in the analysis is, is this ambiguous? It is not ambiguous. It is broad, but purposefully so. Well, if it's not ambiguous, then the legislative history should not be used. Can you repeat that? Can you repeat the last question? If it's not ambiguous, then we don't look at the legislative history. Correct. We only look at the legislative history if it's ambiguous. Yes. Yes. And here it is unambiguous that it applies to offenses involving the use or possession of drugs. So they must also have a mandatory minimum prison sentence. The other findings are the safeguards that prevent against the absurd results that prosecutors try to argue. So the statute is ambiguous. As I understand it, that rule that we want to avoid absurd results, that's sort of a last-ditch thing. If we can't figure out, after we decide it's ambiguous, and then we look at empowering materia and, you know, the statute as a whole, look at the policy, consider the rule of lenity, I suppose, and this legislative history, then it's my understanding if that still doesn't help us, then we look at the absurd result, but not, we don't rush in. Correct. And apply that rule. That's the argument here as well. Your argument is it's not ambiguous. Correct. Because it is purposefully broad. It involves the use or possession. Involves is a broad term that was meant to include a variety of offenses, including this one. All right. Let me ask you another question, and excuse me for interrupting your argument. But if we were to find it's ambiguous, then is it, would it be reasonable to interpret that when the legislature said, and it's in the legislative comments that, oh, we checked with the state's attorneys, and they're okay with this, and maybe is it possible that's because the terms use and possession are terms of art within the criminal justice field as it relates to drugs. Those terms are not. And the delivery, that the absence of delivery was also purposeful as well. If this only related to use and possession, unless it was the possession statute, those offenses, none of them on their own qualify for mandatory minimum sentence. It would be at the sentencing stage, the disposition, if you possessed more than five grams of fentanyl. But it's for the controlled substance trafficking statute. So the simple use and possession would require a mandatory minimum. There's no possession that has a mandatory minimum. Correct. Under the possession statute. So the words use and possession necessarily are broad and modified by involves. So that is the reason that delivery does not need to be included in this. It is already included. If your honors have no other questions, to summarize, standing alone and with the use of extrinsic aids, this provision of the Safety Act allows a court to sentence, to exercise its discretion, and sentence a defendant to less than the mandatory minimum prison sentence if the offense involves the use or possession of drugs and the other requirements are met. Crystal asks that this sentence here be reversed and the case remanded for a new sentencing hearing. Thank you, your honors. Thank you. Good morning, your honors. I'm Victoria Joseph for the people of the state of Illinois. May it please the court. Counsel. The people will briefly touch on the restitution issue as opposing counsel briefly touched on that as well. We do note that their complaint about the period, including imprisonment, was not raised in the initial brief and is forfeited. The case is cited by defendant as to why this is second promptly in error. We're both related to setting the amount of restitution, which she is not complaining was incorrect in this case. There were no cases that specifically addressed second prompt equivalent to structural error in the failure to set a monthly installment plan. However, if your honors do find that this meets second prompt plain error, you also have it in your authority under 615 to set that payment plan for her and modify the restitution order. Moving on to the sentencing hearing statute, Justice Mullen, you are correct. When we begin with statutory construction, we start with plain language and we don't apply any other aids beyond the plain language of the statute unless and until it is found ambiguous. Then the rest of the aids can go into effect. Is it ambiguous or is it not? It is not ambiguous. It does not include drug-induced homicide. It does not include the lesser offense of delivery. You'd have to get down to the lesser, lesser offense of possession before it would apply in the statute. There are greater offenses that have been created by the legislature. The legislature knew of these greater offenses when it created this statute, and it did not include them. They are well-defined in separate offenses, and they were not included in this statute. But if we look at those separate offenses, aren't we applying the canon of impari materia and therefore we're using an aid, an extrinsic aid to statutory construction, which presupposes that we have found it ambiguous? That's a concern that I have. And then once we get there, and you can address them both, and I'll be less evulsive before I interrupt you again. We get to legislative history where it appears that the legislators were aware there was this opened a large door of discretion, and yet the sponsors persisted in the face of objections that this could be applied here, this could be applied there. When it was clear the speaker thought that was bad policy, and I don't mean the Speaker of the House, I mean the person speaking on the record, the legislator was clear they thought that was bad policy, and yet the sponsors say, and again, in my view, comments from the sponsors are more probative or more useful in terms of determining legislative intent. If you're going to look at legislative history, then are the comments of other speakers on the legislative record. The sponsors come back, we want judges to have discretion, then they vote, it's law. And I guess my concern for your point of view is once we get to impari materia, it must be ambiguous, and if we're going to look at impari materia, and we're going to look at legislative history too, how do you reconcile all of that? The first question that people maintain, it's not ambiguous, it's not included, it's not in the statute, and therefore, Justice Jorgensen was correct, this becomes an addition to the plain language that is already there. It's not a condition or limitation, the legislatures gave use and possession, the end. So then, only then, if your honors disagree and find us ambiguous, yes, you would then have to consider everything, including the fact that it was just, I believe it was Speaker Bryant who said on page 175 that drug abuse homicide was among those specifically not included. The discussions, I then believe that was in, I can't remember if that was the Senate or the House discussion off the top of my head. But then they were asked in the other branch of the legislature was, this is not including delivery, right? And the response was use and possession. So they are aware that there are additional offenses, there are additional terminology used, and those are not the terms that were used by the legislature in this statute. I don't mean to harp on it, we only look at it if it's ambiguous. Only if it's ambiguous. So we are maintaining it is not because it was not included in the plain language of the statute, and reading that into it is an addition that should not be added to the statute. So we don't get to the legislative history, we don't get to the inquiry. But on balance, if your honors did have to look at the other aides of statutory construction, having found it ambiguous, on a whole they do apply in favor of the state's interpretation that this was not included. Both because we do have well-defined criminal acts that are separate, and we also look at the fact that we don't want to render any language in the statute superfluous. So when we are looking at things like retail theft, as one of the representatives pointed out, I don't know any circumstances under which retail theft would ever have a mandatory minimum. And there do seem to be other speakers that are conflating the understanding of a mandatory minimum with a statutory minimum. And based on the fact that you can't render retail theft superfluous, it is the situations where when you decide to impose a sentence of imprisonment, you do have a minimum sentence to impose. And judges are not supposed to go outside of that unless they are expanding under this very narrow, this is what this statute is to do, to give that very narrow set of circumstances under which a judge would have additional discretion to apply to things like second chance probation, extending for 10 probation beyond possessing multiple times. This would be those situations where that statute... I would assume for the sake of argument, it is ambiguous. And I look at, this is a homicidal death, right? But yet, involuntary homicide, reckless homicide are probationable offenses. How do we reconcile the two? Why is this excluded from a probationable offense where reckless homicide, involuntary, are probationable? Again, given a myriad of circumstances, but they are probationable. Other than the fact that it is the legislature that is defining the crimes? Let's assume it's ambiguous. But the legislature is still choosing to define which crimes and the sentences that apply to the crimes. The legislature still sets forth the sentencing guidelines and chooses to set higher sentences for certain offenses because it is trying to correct something. And in this case, looking at drug-induced homicide, we're looking at the delivery. It's the added delivery of a drug that is being added to the homicide. So it is the combination of looking at both the homicide offenses within the Controlled Substance Abuse Act. So there is something, there is a wrong or an evil that the legislature specifically finds that offense as more egregious and sets a sentencing. An analogy would be, let's look at criminal sexual abuse versus predatory criminal sexual assault. The legislature has found that one is more serious and has more egregious conduct that needs to be addressed by, again, a classic sentence, which would be nonprobationable versus some other kind of sexual conduct, which could lead to a lower sentence. So it is still the legislature that's deciding which criminal offenses require what sentences. And may I add, you know, we start with the plain, ordinary, popular meaning. And if there's no ambiguity, then we're just to apply it in that our job is done in terms of interpreting the statute. What is the plain, ordinary, and popular meaning of involving the use of drugs? A crime that involves the use of drugs. That would be something like public intoxication, using drugs, and disorderly, possibly. Oh, that wouldn't even... And how is that a minimum mandatory sentence? It's not, Your Honor. That's why I'm saying you have specific offenses mentioned in the statute that would be rendered superfluous by a mandatory minimum sentence language. Again, retail theft cannot have a mandatory minimum driving with a license revoked for unpaid financial obligations. In your first instance of that, it's not even a misdemeanor. It's a citation. So it's never going to amount to that for that to apply. And that's why we can't interpret that language to render the rest of the statute superfluous. How does that affect the plain, ordinary, and popular meaning of involve the use of drugs? Because we're looking at simple baseline possession. You're looking at... But don't I know that when I look at the criminal code as a whole, and now I'm using an interpretive aid, empowering materia being the particular canon. I mean, I guess I'm concerned that the use of drugs might mean, to a layperson, mean anywhere where... I mean, like, I could pick up a rack of crack and beat someone's head over it, and I'm using a drug. I could shoot myself up and then go commit a serious crime. I'm not saying that would be good policy. No. But that isn't the issue before this court, because we're not here to read statutes or comment upon the policy of the legislature. We're here to interpret their work. And then, as I say, we start out, is it ambiguous? Applying the plain, ordinary, and popular meaning of the words, see if that answers it. Or is there more than one reasonable interpretation, in which case we declare it's ambiguous. Then we can use a lot more tools to try and make sense of it. I don't know that setting up that statutory, you know, the boogeyman, if you will, of how this might be applied really helps us with plain, ordinary, and popular meaning. Again, Your Honor, the legislature limited it to specific areas of drug offenses. And that was all they did. They did not open the door to every other circumstance in which a drug could be used or possessed. Again, compiling greater offense and greater offense and greater offense for this statute to apply. Are there any other questions? Are the 15 circumstances here really glorified use of a drug? We have two people using drugs. One died. Why isn't that just use? Because you had a delivery of the drug that was involved. Yes, Your Honor, people could elect to charge her in a variety of offenses in this case. Could have charged her with possession. Could have charged her with delivery. But the fact that there was a delivery that led to a death because of the injection of that drug chose to prosecute under drug-induced homicide. Those are elections that are given to the state's attorneys. I appreciate that. This is not about charging. This is about sentencing. Why isn't this, and it's in the final analysis, regardless of what she's charged with, why isn't this just a simple use? If we're looking to define involving use and possession of a drug. Because we have more than a simple use. We have additional elements that this was not only a use. It went beyond that into delivery and a death. So we are not looking at only the use by. And in this case, we only know of based on the factual basis given, the only person that was using the drug was the decedent. And we're not punishing that person as they've already received the ultimate punishment from their use. So in this case, we are not looking at just use. And that is why this offense is outside of the confines of the statute. Okay. Thank you, Your Honors. Thank you very much for your argument. Counsel, do you wish to reply? No. I just want to kind of go back to the beginning where we, you know, is this statute ambiguous or not? And reiterate that the statute is not ambiguous. And the terms involves a mandatory minimum make it not ambiguous, as well as Your Honor pointed out, that belay and plain and ordinary meaning of use or possession would include delivery. Are there any other questions, Your Honors? Yeah. Drug-induced homicide is in the code under Article 9, all the homicide cases. It's not under possession, deliveries, the drug statute. Does that matter? Not in this case. Why not? Because if this case did not involve the use or possession of drugs, this crystal would never have been charged. This case does involve it, so it does apply. And just because it's under the homicide and not as far as the actual Controlled Substances Act, does not have a bearing on whether or not it falls within this statute. Well, doesn't it lend some indication as to what they meant by use and possession, which does fall under the Controlled Substances Act, versus the homicide, Article 9, et cetera, et cetera? Not necessarily. Because, again, it doesn't fit here, or we just ignore that? That it's under the homicide? Mm-hmm. The reason it fits here is because it involves the drug. It involves the use of it, the possession of it. The statute does not indicate who used it, who possessed it, when. It's simply that. And because you need a mandatory minimum prison sentence, this definitely applies to this case because this is – Okay, let's get back to that. How do you get a minimum – I've been saying that too many times today. I apologize. How do you get a mandatory minimum sentence for retail theft or for driving while licensed for the vote? Granted, those are – So, I mean, if we – Difficult going to look at that. I mean, with respect to both sides. Interestingly, you both agree it's not ambiguous. How is it not ambiguous? When they're talking about minimum mandatories for retail theft, there's no such thing. Your Honors, unfortunately, the only explanation would be speculation. Right. So then do we have to look at other, I guess, other tools to try to figure out what they really meant? If that is the case, then it is determined to be ambiguous. The legislative history puts to rest any questions as to whether or not drug-induced homicide is involved in this statute. Because it was contemplated that it was not specifically excluded or included, but yet it was still said that this is up to the discretion of the judges. Your Honors have no other questions? Any other questions? Okay. I have none either. I thank you both for a wonderful argument this morning and for entertaining our questions. We appreciate it. And we will be in recess now for the balance of the morning. Our next argument will be at 1 p.m.